[No. 3477. Decided March 2, 1901.]

JOHN W. TROY, as *Receiver of Angeles Manufacturing & Developing Company, Respondent, v. H. K. BICKFORD et al., Appellants.*

FRAUDULENT CONVEYANCES — ACTION TO CANCEL — SUFFICIENCY OF EVIDENCE.

In an action to set aside a fraudulent conveyance, a finding of fraud is not supported by the evidence, when it appears therefrom that the grantor, about a year prior to the institution of a suit against him to enforce a stock subscription, left the state, leaving no property therein subject to execution, other than the lands in controversy, which he at that time conveyed to another in trust for a third person, but had continued for some time after the transfer to receive rents from a tenant on the premises, when the *cestui que trust* testified that he paid a valid consideration for the land, specifying the manner of payment, which was corroborated both by the grantor and the trustee, and there were no facts or circumstances in evidence impeaching the veracity of the witnesses who denied the fraud.

Appeal from Superior Court, Clallam County—Hon. E. D. BENSON, Judge. Reversed.

*Trumbull & Trumbull,* for appellants.

*Benton Embree,* for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—The Angeles Manufacturing & Development Company is a domestic corporation. Appellant

Bickford was one of the principal subscribers to the capital stock in the corporation. The subscription was not paid, but the stock, some time thereafter, was transferred to another person, not a party to this record. Some time thereafter the corporation was declared insolvent, and such proceedings were had as resulted in the appointment of a receiver to wind up its affairs. There being no substantial assets except the unpaid subscriptions on the capital stock, the court directed suits to be instituted against such subscribers, and, among others, the appellant Bickford. Bickford was, at the time of the order directing the institution of suit against stockholders, a non-resident of the state. He had been the owner of real property of some substantial value in Clallam county, but, about a year before the institution of the suit upon his stock subscription, such real property had been conveyed to appellant Vaughn, and the record title at the time of the institution of the suit was in Vaughn, the conveyance having been made by deed from Bickford to Vaughn. When the suit was instituted, after the usual showing of the non-residence of the defendant Bickford, constructive service of summons was obtained upon him, and a writ of attachment was issued against his real property in this state. The return of the writ alleged its levy upon the property of appellant Bickford, but said property appeared of record as having been conveyed to Vaughn more than a year before. Upon such service a judgment was entered by the superior court against appellant Bickford, in the sum of $1,037, in favor of the receiver, and in the judgment so entered it was recited that the attachment levied was a lien upon the real property of Bickford. Thereafter, the present action was instituted to cancel and set aside the conveyance from Bickford to Vaughn, as fraudulent, and to clear the rec-

ord of such conveyance, as a cloud upon the title of the plaintiff receiver. The plaintiff alleged that the conveyance was made in trust for the benefit of the grantor Bickford, and to hinder, delay, and defraud creditors. The answers of Bickford and Vaughn denied the allegations of fraud, and it was also set up affirmatively that a contract had been made in good faith, some time prior to the record of the deed, between Bickford, appellant, and one Charles Doller, in which, for a valuable consideration, Bickford had agreed to in writing to convey the real property in controversy to Doller, and a copy of such contract, upon request, was furnished to respondent before the trial. Neither appellant was personally present at the trial. After hearing the testimony, the court found that the conveyance was fraudulent, and entered a decree in accordance with the prayer of the complaint.

Numerous questions have been argued upon appeal by counsel for both parties, but, upon a careful examination of the testimony adduced upon the trial, we have concluded that the principal issue of fraud is not sustained by the evidence in the cause. It is true, there are some pertinent facts shown by respondent. At the time the contract was made between Bickford and Doller, there existed a contingent liability on his (Bickford's) unpaid subscription to the capital stock of the corporation. It was also shown that Bickford transferred his stock to a third person before he left the state. It also appeared that a house, situated upon some of the real property transferred by Bickford, was leased to a tenant who continued to send the rent to Bickford some time after the contract was made with Doller. It was also shown that Bickford had no other property in the state than that conveyed to Vaughn and which was by Vaughn conveyed to Doller, pursuant to the terms of the contract be-

tween Bickford and Doller. Opposed to any inferences from these facts was the deposition of Doller, who stated that he paid a valid consideration for the property, and specified the manner in which he paid it. Also, the corroboration of the appellant Bickford, in general, of such statement, and of Vaughn, who acted as trustee in the conveyance from Bickford to Doller. We cannot conceive how the fair weight of the testimony can sustain the finding of fraud. There do not seem to be any circumstances or facts to impeach the veracity of Doller or Vaughn. Apparently, they must be considered business men of average reputation. In fine, we cannot, from the plaintiff's testimony, fairly imply a *prima facie* case of fraud in the conveyance made by Bickford to Vaughn, and certainly, with the explicit denials and explanatory testimony on the part of the appellants, the finding of fraud against Bickford should not be permitted to stand. This conclusion is decisive of the cause. The only jurisdiction assumed to try the cause is upon the seizure of the property in controversy. No relief could go beyond the appropriation of that property to the claim of the receiver, and the failure to establish fraud in the conveyance leaves no *rem* to maintain any action. In this view, it is unnecessary to advert to the other questions discussed by counsel, including the validity of the writ of attachment levied in the first suit.

The judgment is reversed, with direction to dismiss the case.

DUNBAR, FULLERTON and ANDERS, JJ., concur.